Commonwealth of Pennsylvania, Department of Environmental Resources, Appellant, *v.* United States Steel Corporation, Appellee.

Argued January 8, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas M. Burke,* Special Assistant Attorney General, for appellant.

*David McNeil Olds,* with him *Harley N. Trice, II,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY JUDGE WILKINSON, March 10, 1975:

This is an appeal from an order of the Environmental Hearing Board directing the appellant, if certain actions were not taken by appellee, to initiate steps to extinguish a subsurface mine fire. A cross-appeal has been taken to No. 732 C. D. 1974 (filed simultaneously herewith) by appellee contesting that part of the order which affirmed

the earlier order of the Department of Environmental Resources directing that appellee prepare plan and time-table to abate the subsurface fire. The facts of the case are stated in the opinion in the cross-appeal, since this appeal raises only the question of the legal authority of the Environmental Hearing Board, sua sponte, to order the Department of Environmental Resources to extinguish a subsurface fire. We hold that it does not have such authority.

This matter was before the Environmental Hearing Board on an appeal by United States Steel Corporation contesting the Department order that it submit a plan for the abatement of the subsurface fire. The validity or invalidity of that Department order was the only matter up for disposition. This was in no sense a de novo hearing to determine, as between the parties, which had the duty to abate the subsurface fire. The sole issue was whether United States Steel Corporation had the duty. United States Steel Corporation was the person "adversely affected" within the meaning of Section 1921-A of The Administrative Code of 1929, Act of April 9, 1929, P. L. 177, *as amended,* 71 P. S. §510-21 (Supp. 1974-1975), which establishes the powers and duties of the Environmental Hearing Board to issue adjudications on any order of the Department of Environmental Resources which is appealed to it by the person adversely affected.

The above is sufficient reason to sustain the Department of Environmental Resources' appeal in this case. Nevertheless, we are constrained to observe that Section 1915-A of The Administrative Code of 1929, 71 P.S. §510-15 (4), states:

"The Department of Environmental Resources shall have the power and its duty shall be:

" (4) To seal or close or backfill abandoned deep or strip coal mines, to plug abandoned oil and gas wells, other than those governed by the Gas Operations, Well Drilling, Petroleum and Coal Mining Act,

to fill voids in abandoned coal mines, to drill bore holes, dig ditches or construct flumes which would relieve flooding or hazardous conditions caused by mine water, *and to extinguish fires in abandoned coal mines and in culm banks, in those instances where such work is in the interest of the public welfare."* (Emphasis added.)

It would appear that the duty to extinguish fires in abandoned coal mines is discretionary and limited to those instances where the Department of Environmental Resources had decided it would be in the interest of the public welfare. It may very well be that in a proper instance and when properly presented with the question, the Environmental Hearing Board could review the exercising of this discretion. This case is not such an instance.

Accordingly, we enter the following

ORDER

Now, March 10, 1975, that part of the order of the Environmental Hearing Board which directs the appellant to initiate steps to extinguish the subsurface fire, the subject of this litigation, is reversed and set aside.